UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Precious Okereke,                          :
            Plaintiff,                     :
                                           :
            v.                             :        File No. 1:08-CV-142
                                           :
Massachusetts College of Pharmacy          :
and Allied Health and Sciences,            :
Judge Charles A. Moye, Jr.,                :
United States Court of Appeals             :
(Eleventh Circuit),                        :
Judge T. S. Ellis, III,                    :
United States Court of Appeals             :
(Fourth Circuit), United States           :
District Court (District of                :
Massachusetts),                            :
            Defendants.                    :


OPINION AND ORDER
(Paper 1)

        Plaintiff Precious Okereke, proceeding *pro se*, seeks to file

suit against the Massachusetts College of Pharmacy and Allied

Health Sciences ("MCPHS"), two federal district court judges and

two federal courts of appeals.  Currently pending before the

Court is Okereke's motion to proceed *in forma pauperis* (Paper 1).

        This is the latest in a series of cases brought by Okereke

concerning her dismissal from an MCPHS graduate degree program.

Her claims against MCPHS have previously been dismissed by the

United States District Courts of Massachusetts and the Northern

District of Georgia.  Her prior attempts to sue federal judges

have also been dismissed.  Because Okereke's *in forma*

*pauperis* application meets the financial requirements of 28

U.S.C. § 1915, her motion to proceed *in forma pauperis* (Paper 1) is GRANTED.  However, for the reasons set forth below, her complaint is DISMISSED.

Background

In 2002, Okereke filed a complaint in the United States District Court for the Northern District of Georgia, claiming that she had been mistreated by MCPHS.  MCPHS moved to dismiss, and Judge Charles A. Moye, Jr. granted the motion for lack of a federal claim.  Specifically, Judge Moye concluded that because MCPHS is a private entity, Okereke's federal due process claim was "clearly without basis."  (Paper 1-3 at 9).  Judge Moye also concluded that there was no diversity of citizenship, that his court had no personal jurisdiction over the defendant, and that venue was improper.  Id. at 9-10.

In 2005, Okereke sued Judge Moye in the United States District Court for the Eastern District of Virginia.  Judge T.S. Ellis, III dismissed the complaint under 28 U.S.C. § 1915(e)(2), finding that the case was frivolous and that it sought monetary relief against a defendant who was immune from suit.  Id. at 4. Judge Ellis's decision was later affirmed by the Fourth Circuit. Id. at 6.  In an apparently unrelated action, the Eleventh Circuit denied Okereke's motion to proceed *in forma pauperis*, finding that her appeal was frivolous.  Id. at 10.

On June 23, 2006, Okereke filed suit in the United States District Court for the District of Massachusetts, naming MCPHS, Judge Moye, Judge Ellis, and the Eleventh Circuit as defendants. Senior Judge Edward F. Harrington dismissed the complaint under 28 U.S.C. § 1915(e)(2), and warned Okereke that "if she continues filing frivolous lawsuits, she risks being enjoined from litigating in this Court." Id. at 19.  Okereke now seeks to bring a complaint against the same defendants she sued previously, in addition to the Fourth Circuit Court of Appeals and Judge Harrington's court.

Discussion

When a court reviews an application to proceed in forma pauperis, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the case has a legal basis.  See 28 U.S.C. §§ 1915(e)(2).  A court must dismiss the complaint sua sponte if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

I.  Claims Against Judges and Courts

With the exception of MCPHS, all of the defendants in this case are federal courts or judges being sued for decisions made in their judicial capacities.  These defendants are each entitled to absolute judicial immunity.  See Mireles v. Waco, 502 U.S. 9,

11 (1991).  It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities.  <u>Mireles</u>, 502 U.S. at 11; <u>Forrester v. White</u>, 484 U.S. 219, 225 (1988).  The absolute judicial immunity of a court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  <u>Mireles</u>, 502 U.S. at 11, 13 (quotations and citations omitted).  Judicial immunity may be overcome only if the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction."  <u>Id.</u> at 11-12.

Okereke claims that the judges and courts in question were wrong.  She also argues, without citation, that they enjoy only qualified immunity.  Given that Okereke is seeking relief for decisions made by judges in their judicial capacities, and since she cannot claim that these judges were acting without jurisdiction, absolute immunity applies.  The claims against Judge Moye, Judge Ellis, the Massachusetts Federal District Court, the Fourth Circuit and the Eleventh Circuit are, therefore, DISMISSED.

II.  <u>Claims Against MCPHS</u>

Okereke's allegations against MCPHS have previously been addressed by federal courts in Georgia and Massachusetts.  In the

4

Georgia case, the court dismissed on a number of grounds, including lack of a federal claim and improper venue.  Those same concerns are present here.

The complaint in this case sets forth nine causes of action, including state law claims such as breach of contract, trespass and negligence.  The federal law claims are vaguely stated as a "deprivation of property and liberty interests" and "deprivation of constitutional rights."  Given that MCPHS has been found to be a private entity,[1] there is no basis for a constitutional claim and thus no federal cause of action.  See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70-74 (2001); Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004).  "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  Marcus v. AT&T Corp. 138 F.3d 46, 57 (2d Cir. 1998); see 28 U.S.C. § 1367(c)(3).  Okereke's federal causes of action are, therefore, DISMISSED pursuant to the Court's review power under 28 U.S.C. § 1915, and the Court declines to exercise supplemental jurisdiction over her state law claims.

Improper venue is also a legitimate ground for dismissal. All relevant events took place in either Massachusetts or courts in other judicial districts.  Okereke herself is a resident of

---

[1] Judge Moye relied upon an affidavit submitted by MCPHS stating that it "is not a state or federal institution."  Id. at 13 n.4.

5

Boston, Massachusetts.  Her reason for choosing this Court as her latest forum is not evident from the text of her complaint. Indeed, it appears that this case has nothing to do with Vermont.

In closing, the Court feels compelled to note Okereke's history of filing frivolous lawsuits.  Id. at 19 (collecting eight such cases).  Moreover, Okereke's co-plaintiff in some of these cases, Chukwuma Azubuko, has been warned by the Second Circuit Court of Appeals that "any future frivolous filings [there] may result in sanctions, which may include monetary sanctions or prohibition from further filings of this Court." Azubuko v. Giorlandino, 2000 WL 553184, at *1 (2d Cir. May 2, 2000).  Given this history of frivolous filings, the futility of Okereke's current federal claims, and the number of times she has already raised these same or similar claims in the nation's courts, this Court sees no reason to grant her leave to amend. See Cuoco v. Moritsuqu, 222 F.3d 99, 112 (2d Cir. 2000).  The complaint is, therefore, DISMISSED.

Conclusion

For the reasons set forth above, Okereke's motion to proceed in forma pauperis (Paper 1) is GRANTED, and this case is DISMISSED on grounds of frivolousness and absolute judicial immunity pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies that any appeal from this Order shall not be taken in good faith.

6

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 31st day of July, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge